Bianco et ux. *v.* Scott Brothers, Inc., Appellant.

Argued October 18, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD and PARKER, JJ.

*Stanley B. Rice,* and with him *Maurice W. Sloan,
Jr.,* and *Maurice W. Sloan,* for appellant.

*Samuel C. Nissenbaum,* for appellees.

PER CURIAM, December 18, 1934:
Joseph Bianco, 11 years old, was run over and killed
by defendant's truck on December 11, 1931. Suit was
brought by the parents and recovery had for the dam-
ages sustained. The defendant appealed.

484

It was about 5:30 o'clock P. M., the close of a rainy day, the sun had set and it was growing dark. Bianco, according to the testimony of eye witnesses, was hanging on the side of a trolley car proceeding westwardly on Tasker Street, which is a one way street for west bound traffic only. At the same time defendant's truck was proceeding eastwardly on the south side of Tasker Street going against traffic and without lights. The boy jumped off the trolley car when 20 or 25 feet in advance of the defendant's truck. His action and his being struck by the truck were not simultaneous for one of the witnesses testified that she had not seen him clinging to the car, but saw him standing in the street just before he was struck. Clearly this was a case the court could not decide in favor of the defendant as a matter of law. The question was one for the jury. This was not a case of a boy suddenly running in front of a car. The fact that the driver of the truck was proceeding in the wrong direction in violation of the city ordinance would not necessarily be evidence of negligence, but the jury could easily conclude that when a man is going against traffic in a direction which he has no legal right to go, a greater degree of care is required of him than when he is proceeding in the same direction as others are.

The judgment is affirmed.